## GARRETT THOMAS V. THE STATE.

### No. 11337.   Delivered March 21, 1928.

1.—Murder—Confession of Accused—Its Voluntary Character—Properly Submitted to the Jury.

Where, on a trial for murder, the state introduced in evidence the written confession of the accused, and the appellant introduced a witness whose testimony raised the issue of the voluntary character of said written confession, it was proper practice for the trial court to submit the issue thus raised, in his charge to the jury, and also to instruct them that if they found the confession was not voluntarily made, then the case rested alone on circumstantial evidence and charging the law of circumstantial evidence.

2.—Same—Continued.

It is well settled that when the state makes out a clear predicate justifying the admission of a confession, and the voluntary character of the confession is put in issue by the defendant, an issue of fact is thus raised, and that the proper practice is to submit the issue to the jury.

Appeal from the District Court of Live Oak County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction of murder, penalty assessed at death.

The opinion states the case.

*Neil E. Beaton* of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder, punishment assessed at death.

The facts of this case are of such nature as to make them revolting in the extreme. Appellant, a negro, was permitted to spend the night at the home of deceased, whose family consisted of himself and a fourteen-year-old daughter. At some time during the night deceased was struck on the head, receiving a blow that fractured the skull and penetrated the brain and caused death before morning. The girl affirmed the facts of the presence of appellant, who came to the home of her father and herself in the night-time; that he father instructed her to give appellant his supper, and invited him to remain on the premises for the night; that during the night she was awakened by the strange conduct of her father, who was rolling and tossing in his bed, moaning and groaning and carrying on; and that the appellant took her to his bed and got upon her and attempted

to have intercourse with her; that appellant admitted to her that he had struck her father with an axe.

There is but one bill of exceptions in the record, objection to the consideration of which appears, but in view of the fact that this is a death penalty case, we have considered said bill. Same relates to the admissibility of appellant's confession. The confession was introduced by the state. The predicate for its introduction seems to have been in entire conformity with the statute. It was shown that appellant was warned in accordance with the statute, and that he made and signed said written confession, which was introduced. Appellant introduced a witness whose testimony raised the issue of the voluntary character of such confession. In this condition of the record the learned trial judge correctly submitted the issue of the voluntary character of the confession to the jury in a charge very favorable to appellant and seeming to cover every possible phase of the law applicable, and presents same in such manner as that no exception is addressed thereto. In addition to this the court further instructed the jury that in case they concluded the confession to have not been voluntarily made, then they should consider this a case of circumstantial evidence, etc. We regard this as an instruction very favorable to the accused, and one not demanded in view of the other testimony. It may be regarded as well settled that when the evidence for the state makes out a clear predicate justifying the admissibility of a confession, and the voluntary character of the confession is put in issue by testimony introduced by the defendant, an issue of fact is thus raised, and in such case the authorities in this state seem uniformly to hold that the proper practice is to submit the issue to the jury. This was done in the instant case. No other questions are raised. The facts seem to entirely justify the infliction of the extreme penalty.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*